*Lancaster.*

Bickle administrator of Bickle appellant *against* Young and wife appellees.

*Saturday,*
*May 31.*

APPEAL.

The Orphans' Court has power to order a sale of real estate, for payment of debts of the intestate, under the act of 1st April, 1814, by one administrator, where there are several.

THIS was an appeal from the Orphans' Court of *Dauphin* county. *John Bickle,* jun. and *Sarah Bickle,* (now the wife of *John Young,*) were administrators of *Henry Bickle,* deceased. *John Bickle,* jun., who was the acting administrator, settled a final account in his own name, on which a balance of 1058 dollars and 9 cents was due to him, having paid debts of the intestate beyond the assets to that amount. He afterwards petitioned the Orphans' Court for a sale of certain parts of the intestate's real estate, under the act of 1st *April,* 1814, sect. 2. The Court made an order for sale, and a sale was made accordingly. But, it being afterwards objected, that the Court had no power to order a sale to be made by *one* of the administrators only, the Court, after argument, were of that opinion, and set the sale aside. It did not appear, that there was any unfair or improper conduct in making the sale, nor that the land was sold for less than its value; so that the only question was, whether the Orphans' Court had power to make an order for sale by *one* of the administrators.

*Godwin,* for the appellant.

*Fisher,* contra.

TILGHMAN C. J. (After stating the case.) The act of assembly authorises the Court, "on the application of the "executors or administrators, or any others interested therein, "to make an order, that so much of the real estate, of which "the deceased was seised or possessed at the time of his "decease, shall be sold *by the executors or administrators,* "as in the judgment of the Court shall be sufficient, &c. &c." This power to order a sale by the administrators, is not like a power given by a testator to his executors to make sale of his estate. For there, it is to be presumed, that the testator

had a personal knowledge of all the executors, and did not choose to confide the power to them separately. But the act of assembly made a general provision for sale by the admi- nistrators, under the order of the Orphans' Court, so that the Judges of the Court, are the only persons who can exer- cise any discretion on the subject. The object of the law was, to procure a sale of the real estate, to satisfy the debts due from the deceased, and it was immaterial to the attain- ment of that object, whether the sale was made by *one*, or *all* of the administrators, supposing their characters to be equally good. But, it might make a very great difference, if there was a difference of character. Suppose, for instance, that one of the administrators had done the principal business of the estate, and made large advances of his own money for the payment of debts, and the other administrator was a person of bad character, and in bad circumstances, and being in possession of part of the intestate's real estate, was unwil- ling that a sale should be made, for the reimbursement of the administrator, who was in advance. In such case, it might be expected, that the person who opposed the sale would not be active in making it, if joined with the other in the order of the Court. Many other cases may be ima- gined, in which it would be for the interest of the estate, that the power of making sale, should *not* be confided to *all* the administrators. The Orphans' Court would naturally appoint them all, unless there were particular reasons for not doing so, and the appeal to this Court, prevents all danger of an appointment from motives of partiality. The administra- tors have no authority, by virtue of their office, to make sale of the real estate ; so that the one who is excluded by the Orphans' Court, cannot complain that he is deprived of any vested right. The whole matter rests, then, on the construc- tion of the act of assembly, and it appears to me, that the words *executors* or *administrators*, are expressions, pointing out the persons to whom, in general, the authority is to be given, without intending that the Court shall be bound, at all events, to commit the authority to the whole of them. I incline to this construction, because it conduces, better than any other, to the attainment of the object of the law, viz. the sale of the estate, to the best advantage. Inasmuch, then, as there is no complaint in this case, of the sale itself, but only of the defect of lawful authority in the person who made it,

1817.

BICKLE administrator of BICKLE appellant

*v.*

YOUNG and wife appellees.

1817.

BICKLE
administrator
of BICKLE
appellant
v.
YOUNG
and wife
appellees.

I am of opinion, that the decree of the Orphans' Court should be reversed, and the sale made by *John Bickle*, jun., the appellant, confirmed.

GIBSON J. concurred.

DUNCAN J. gave no opinion, having been counsel in the cause.

Decree reversed and sale confirmed.